IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv92
[Criminal Case No. 1:08cr56]

RANDALL CORNETTE,            )
                             )
    Petitioner,             )
                             )
    vs.                     )    **ORDER and NOTICE**
                             )
UNITED STATES OF AMERICA,    )
                             )
    Respondent.             )
_____ )

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment [Doc. 5].

In view of Petitioner's *pro se* status, the Court provides notice to him pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the heavy burden that he carries in responding to Respondent's Motion.

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> A party asserting that a fact ... is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents ... affidavits or declarations, stipulations (including those made for purposes of the motion only),

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support that fact.

Fed. R. Civ. P. 56(c)(1).

> An affidavit or declaration used to ... oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(4).

> If a party fails to ... properly address another party's assertion of fact as required ..., the court may:
>
> \*   \*   \*
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it ....

Fed. R. Civ. P. 56(e)(2)-(3). This language means that if Petitioner has any evidence to offer to show that there is a genuine factual dispute for resolution, he must now present it to this Court in a form which would otherwise be admissible at trial; that is, in the form of affidavits or unsworn declarations. An

2

affidavit is a written statement sworn under oath before a duly certified notary public. See Luellen v. Gulick, No. 1:10CV203, 2011 WL 2259120, at *2 (N.D. W. Va. June 8, 2011). An unsworn declaration or statement, made and signed under the penalty of perjury, also may be submitted. 28 U.S.C. § 1746.

Affidavits or unsworn declarations must be presented by Petitioner to this Court within thirty (30) days of the entry of this Order. Pursuant to Rule 56(e), Petitioner's failure to respond may result in the Court granting Respondent's Motion for Summary Judgment and dismissing with prejudice Petitioner's Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that on or before thirty (30) days from the entry of this Order, Petitioner may file a response, including any evidence, to Respondent's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Signed: September 30, 2011

Martin Reidinger
United States District Judge