**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Civil Case No. 1:11-cv-00092-MR**
**[Criminal Case No. 1:08-cr-00056-MR]**

| | | |
|---|---|---|
| **RANDALL CORNETTE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on consideration of the Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Motion to Amend his § 2255 Motion [Doc. 8]; and Respondent's Motion for Summary Judgment [Doc. 5]. For the reasons that follow, Respondent's Motion for Summary Judgment will be granted, and Petitioner's § 2255 motion, as amended, will be denied and dismissed.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged in a Bill of Indictment returned by the Grand Jury in this District with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:08-cr-00056-MR,

Doc. 1: Indictment]. After being appointed counsel, Petitioner entered into a written plea agreement with the Government. [Id., Doc. 12: Plea Agreement]. In the plea agreement, Petitioner admitted that he was in fact guilty of the § 922(g) offense. He further acknowledged that he was aware that he faced a maximum sentence of ten years in prison, except that if it was later determined that he had three qualifying convictions under 18 U.S.C. § 924(e)(1), then he could face a maximum sentence of life imprisonment and a mandatory minimum sentence of fifteen years' imprisonment. Petitioner also acknowledged in the agreement that "the Court has not yet determined the sentence, that any estimate from any source, *including defense counsel*, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count." [Id. at 2, ¶ 4 (emphasis added)]. The parties agreed to recommend that the Court find that the base offense level was 20, with an additional four-level increase for the use of a firearm during another felony offense, but Petitioner acknowledged his understanding that no such recommendations were binding on the Court. [Id.].

After the plea agreement was filed, Petitioner appeared before U.S. Magistrate Judge Dennis L. Howell for a Rule 11 hearing. Judge Howell

ascertained that although Petitioner had previously been treated for mental illness and substance abuse, Petitioner's mind was clear, and that he understood that he was there to enter a guilty plea that could not later be withdrawn. The Court informed Petitioner that if he had three previous convictions for violent felonies or serious drug offenses, the maximum punishment he faced was life imprisonment, that there would be a fifteen-year mandatory minimum, and that such a sentence would be consecutive to any other sentence. Petitioner testified that he understood how the sentencing guidelines may apply in his case; that the Court would not be bound by the sentencing guidelines but, nonetheless, must consult those guidelines and take them into account when sentencing; that the sentence imposed would be within the statutory limits and in the Court's sound discretion, and could be greater or less than the sentence as provided for by the Guidelines; and that in some circumstances he may receive a sentence that is either higher or lower than that called for by the Guidelines. Petitioner also acknowledged that if his sentence were more severe than he expected, or if the Court did not accept the Government's sentencing recommendation, he would still be bound by his plea. He further affirmed that his plea was voluntary and not the result of any

coercion, threats, or promises other than those contained in the written plea agreement.

After the Government summarized the terms of the plea agreement, Judge Howell asked Petitioner if he understood the terms of the plea agreement, and he said that he did. The Court discussed with Petitioner his right to appeal or otherwise challenge his conviction or sentence, and ascertained that Petitioner was knowingly and willingly accepting limitations on those rights except as to claims of ineffective assistance of counsel or prosecutorial misconduct.

Petitioner also testified that he had been given ample time to discuss any possible defenses to these charges with his attorney, that he was "entirely satisfied" with the services of his attorney, that he knew and fully understood what he was doing, that he had heard and understood all parts of the Rule 11 hearing, and that he wanted the Court to accept his guilty plea.

Finding "that defendant's plea is knowingly and voluntarily made and that the

defendant understands the charges, the potential penalties, and the consequences of the plea," the Court accepted Petitioner's guilty plea. [Id.,

Doc. 13: Acceptance and Entry of Guilty Plea; Doc. 30: Plea and Rule 11 Hearing Tr.].

A presentence report (PSR) was prepared in advance of Petitioner's sentencing hearing and a summary of the events that culminated in Petitioner's indictment on the § 922(g) charged was provided.[1] The probation officer noted that the parties had agreed to recommend that Petitioner qualify for a base offense level of 20, but observed that Petitioner had no "scoreable" crimes of violence or controlled substance offenses,[2] and therefore found that Petitioner should qualify for a base offense level of 14. After finding that the four-level enhancement referenced in the plea agreement was appropriate, the probation officer applied the cross-reference pursuant to U.S.S.G. §§ 2K2.1(c)(1)(A) and 2X1.1. The probation officer found that the attempted murder guideline found in § 2A2.1 was applicable because Petitioner assaulted two victims with intent

---

[1] The PSR summarized the evidence as follows. In May 2007, Petitioner shot two individuals in Burke County, North Carolina, with the Taurus .357 caliber revolver that was identified in his indictment. One individual was shot in both of his feet and in his right arm, and the other individual was shot in his upper right leg. Petitioner was later charged in state court with two-counts of attempted first-degree murder, and two counts of felony assault with a deadly weapon with intent to kill inflicting serious injury. Petitioner was detained on these charges when he appeared before Judge Howell for his arraignment on the § 922(g) charge. [Id., Doc. 16: PSR at ¶¶ 3, 5-11].

[2] The probation officer did not count any of the crimes of violence or controlled substance offenses committed by Petitioner in the calculation of the base offense level because such crimes were too old to garner any criminal history points under Chapter 4 and thus were not "scoreable." The age of the convictions, however, is irrelevant to the armed career criminal assessment (see discussion infra).

to commit murder while committing the § 922(g) offense, thus making the base offense level 33. Because the victims sustained serious bodily injuries, the two-point enhancement of U.S.S.G. § 2A2.1(b)(1)(B) was added. After finding that Petitioner qualified for a three-level reduction for acceptance of responsibility, the PSR recommended a total offense level of 32. [Criminal Case No. 1:08-cr-00056-MR, Doc. 16: PSR at ¶¶ 25-27].

In addition, it was recommended in the PSR that the Court find that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C § 924(e) based on four prior state convictions.[3] The PSR noted that the statutory term of no less than fifteen years' imprisonment under 18 U.S.C. §§ 922(g)(1) and 924(e) for armed career criminals would thus apply. Based on a total offense level of 32 and a criminal history category of VI, the PSR recommended a Guidelines range for imprisonment to be 210-262 months. [Id., Doc. 16: PSR at ¶¶ 90-91].

The PSR also addressed Petitioner's history of mental health and substance abuse issues. Records were obtained from several treatment facilities, which cover a span from 1985 to 2004, and detail multiple instances of in-patient and out-patient treatment that Petitioner received for

---

[3] The qualifying offenses were identified as a 1976 felony burglary conviction; a 1979 felony breaking and/or entering conviction; a 1986 conviction for felony possession with intent to manufacture/sell/deliver a Schedule II controlled substances and a 1989 conviction for felony breaking and/or entering. [Id., Doc. 16: PSR at ¶ 25].

mental health and substance abuse issues. According to these records, Petitioner was diagnosed and treated for, among other things, alcohol dependence, cocaine and marijuana abuse, major depression, congruent psychotic features and psychosis. The most recent information provided that Petitioner was diagnosed in 2004 with alcohol dependence, schizoaffective disorder, and personality disorder NOS. [Id., Doc. 16: PSR at ¶¶ 81-82].

Petitioner's counsel filed objections to the PSR. In his first objection, Petitioner challenged the offense conduct which related to his state charges, arguing that he never attempted to murder either victim, and that he did not return to his house to retrieve the Taurus .357 revolver prior to shooting the victims. In response to this objection, the probation officer recommended that no change in the PSR was necessary based on Petitioner's objection because the description of the offense conduct was obtained from law enforcement records which included several victim statements and eyewitness accounts. In his second objection, Petitioner challenged the calculation of his base offense level, arguing that it should have been based on the offense level to which the parties jointly agreed in the plea agreement. Again, the probation officer found that no change was

necessary, reasoning that the plea agreement did not limit the application of the cross reference.  [Id. at 22-23].

On June 2, 2009, Petitioner appeared with counsel for his sentencing hearing.[4]  Subject to the objections previously filed by counsel, Petitioner and the Government stipulated that there was a factual basis to support his plea of guilty and that the Court could accept the evidence contained in the PSR as establishing the factual basis for the plea.

Petitioner's counsel reiterated his objections to the offense conduct related to the 2007 shooting which led to the state charges and his federal indictment on the § 922(g) charge. Petitioner's counsel also addressed Petitioner's history of mental health issues and admitted that he had previously had concerns about Petitioner's competency to proceed.  After discussing these concerns with Petitioner during the course of his representation, however, counsel "concluded that [Petitioner] understands what's going on; he understands the charges; he understands what the Guidelines have said; he understands the role of the Court; the role of the prosecuting counsel; [counsel's role and the] probation officer's role.  So it did not appear as though there was an issue that I needed to raise with the

---

[4] The Honorable Lacy H. Thornburg presided over Petitioner's original sentencing. Petitioner's criminal case was assigned to the undersigned after remand and following Judge Thornburg's retirement.

Court about his competency to proceed."  [Id., Doc. 27: Sentencing Tr. at 9].

The Court overruled Petitioner's objections to the offense conduct and found that the PSR correctly calculated the Guidelines range to be 210 to 262 months' imprisonment.  Prior to the Court pronouncing sentence, Petitioner's counsel addressed the Court and again called attention to Petitioner's long-running history of mental health issues, and asked the Court to sentence Petitioner to the statutory minimum of fifteen years rather than a Guidelines sentence.  The Court sentenced Petitioner to a term of 220 months' imprisonment.  [Id., Doc. 18: Judgment in a Criminal Case].

Thereafter, Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.  Petitioner's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there were no meritorious issues for appeal.  In a *pro se* supplemental brief, Petitioner argued that counsel ineffectively represented him by telling him that his plea agreement was based on his being sentenced at offense level 21. Petitioner also argued that counsel never informed him "that the judge had discretion to deviate from what had been promised him."  [Doc. 4-2 at 4]. He further claimed that counsel had refused to explain the plea agreement, simply telling him to answer in the affirmative when entering his plea, and

that counsel had assured him that in signing his plea agreement, he would be sentenced at level 21." [Id.]. He also claimed that he asked counsel to request a psychological evaluation, but that counsel refused to do so. Petitioner argued that this constituted ineffective assistance, because "had a mental evaluation been given the courts would have ruled in his favor." [Id. at 6]. Finally, Petitioner argued that counsel had badgered him into signing the plea agreement. [Id.].

The Fourth Circuit held that the Court committed procedural error because the record did not demonstrate that the Court had considered the sentencing factors of 18 U.S.C. § 3553(a) or had adequately explained Petitioner's sentence. Accordingly, the Fourth Circuit vacated Petitioner's sentence and remanded for resentencing. United States v. Cornette, 396 F. App'x 8 (4th Cir. 2010) (unpublished). The Fourth Circuit, however, also stated that it had "examined the entire record for any other meritorious issues" and had found none. Id. at 9. The Court specifically noted that it had reviewed the issues raised by Petitioner in his supplemental brief and found those issues to be without merit. Id. at 9 n.2.

Petitioner was appointed counsel on remand and the probation office prepared a supplement PSR in advance of Petitioner's resentencing hearing. In this PSR, the probation officer noted that Petitioner had been

convicted on only two of the 2007 state charges – the two counts of assault with a deadly weapon inflicting serious injury – and he was sentenced to consecutive terms of 36 to 54 months' imprisonment which were ordered to run concurrently to the federal sentence that had been imposed in this matter. [Id., Doc. 41: Supplemental PSR]. Petitioner's counsel initially filed objections to the Supplemental PSR, although these objections were later withdrawn.

Following remand, Petitioner appeared for his resentencing before the undersigned. Petitioner's counsel argued that Petitioner's criminal history was overstated and that if his criminal history were properly accounted for, Petitioner would receive a reduced Guidelines range of 180 to 188 months. Counsel thus argued for the imposition of the mandatory minimum sentence.

Petitioner addressed the Court prior to sentencing and apologized for having come before the Court. He stated that he never intended to hurt anyone, and that he was sorry for what had transpired. Following this allocution, the Court reviewed the § 3553(a) factors, and concluded that a sentence of 220 months was appropriate to address the seriousness of the crime and to account for Petitioner's status as armed career criminal, and that the sentence promoted respect for the law and provided adequate

deterrence for future criminal conduct by Petitioner and others. [Id., Doc. 45: Resentencing Tr. at 20; Doc. 42: Amended Judgment on Remand].

Petitioner did not appeal from the amended judgment. This § 2255 motion followed.

## II.    STANDARD OF REVIEW

### A.    Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### B.    Summary Judgment Standard

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be

viewed in the light most favorable to the non-moving party . <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  When the record taken as a whole could not lead a trier of fact to find for the non-moving party, however, granting summary judgment is appropriate.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III.    DISCUSSION

In his initial § 2255 motion, Petitioner raises five claims of ineffective assistance of counsel.  Petitioner also moves to amend his § 2255 motion to include an additional claim for relief, which will be addressed below.

### A.    Claims Decided on Direct Appeal

In his first claim for relief, Petitioner alleges that he received ineffective assistance of counsel because his attorney lied to him about the consequences of his guilty plea, telling him that he would be sentenced in the 77-96 month range.  In second claim for relief, Petitioner alleges that counsel was ineffective in refusing to seek a mental evaluation.

These claims are merely iterations of the arguments he raised before the Fourth Circuit in his *pro se* brief.  The Fourth Circuit reviewed these arguments and found them to be without merit.  In a Section 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of

collateral attack, questions fully considered" and decided on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). Accordingly, Petitioner is procedurally barred from pursuing these claims in this § 2255 proceeding.

## B. Claims Not Raised on Direct Appeal

In the remaining claims asserted in his original motion, Petitioner alleges, under the guise of asserting ineffective assistance claims, that his criminal history was miscalculated.

Petitioner failed to raise these issues on his direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998); see also United States v. Mikalajuanas, 186 F.3d 490, 492-93 (4th Cir. 1999) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result

from the refusal of the court to entertain the collateral attack."). Thus, Petitioner must establish cause and prejudice or actual innocence in order to overcome his procedural default and assert these claims in the present proceeding.

In the present case, Petitioner does not address or otherwise attempt to explain his failure to raise these issues on direct appeal, nor does he offer evidence to establish "cause and actual prejudice" or that he is innocent of the charges. Rather, he simply requests that his sentence and conviction be set aside and/or vacated based on the allegations in his § 2255 petition. Because Petitioner has not asserted any basis on which this Court could find cause or prejudice with respect to his failure to raise the claims asserted in the third, fourth, and fifth claims of his motion, such claims are not cognizable in this proceeding and must be denied.

## C.    Petitioner's Claims Fail on the Merits

Even if Petitioner were not procedurally barred from asserting his claims, his motion must still be denied on the merits.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-

88 (1984).   In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."  Id. at 689.  A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption."  Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency.  Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland.   In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice."  Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)).  If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).  In considering the prejudice prong of the analysis, the Court may not grant relief solely

because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Petitioner first contends that he received ineffective assistance of counsel because his counsel informed him that if he accepted the plea agreement then he would be sentenced in the range of 77 to 96 months. [Doc. 1 at 4; Doc. 1-1: Affidavit and Memorandum at 1-3]. As discussed previously, however, the plea agreement signed by Petitioner explicitly advised that if Petitioner had three previous convictions for violent felonies or serious drug offenses, he was subject to a mandatory minimum sentence of fifteen years and a maximum of life imprisonment. Petitioner also acknowledged in that agreement that he understood that any estimate of his likely sentence from any source, "including defense counsel," was only a prediction, not a promise, and that the Court had the final discretion to impose any sentence up to the statutory maximum. During the Rule 11 hearing, Judge Howell discussed these same provisions with Petitioner, who confirmed, under oath, that he understood them. Petitioner's sworn

statements in this regard foreclose Petitioner's argument and it therefore will be denied. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.").

Petitioner next contends that his counsel was ineffective by failing to file a motion for a mental evaluation after Petitioner requested that he do so. [Id. at 5]. Other than this conclusory statement, Petitioner offers no further argument on this issue. Petitioner has failed to demonstrate, or even to allege, prejudice resulting from counsel's alleged error in this regard. Petitioner's history of mental health problems was already made known to the Court during the Rule 11 hearing with additional detail being provided in the PSR. As his trial counsel noted during sentencing, he and Petitioner discussed the issue of his competency prior to sentencing and ultimately counsel was satisfied that Petitioner was competent to proceed because he understood the nature of the proceedings, the charge against him, the potential penalties, and the role of the Court and the prosecution in his case. [Criminal Case No. 1:08-cr-00056, Doc. 27: Sentencing Tr. at 9].

Further, Petitioner was given an opportunity to address the Court prior to pronouncement of sentence but never contended that his mental health issues affected his competency in his case. Petitioner has failed to identify any way in which his mental health history might have diminished his capacity at the time he committed the crime, or might have caused him to lack an understanding of the proceedings or otherwise caused him to receive a reduced sentence. For all of these reasons, Petitioner's second claim for relief is without merit.

In his remaining claims, Petitioner asserts that his trial counsel was ineffective by failing to object to the calculation of his criminal history score. In his third claim for relief, Petitioner does not identify which convictions that he contends were erroneously relied upon to support the Guidelines calculation of his sentence.[5] This claim is conclusory and is therefore denied.

In his fourth claim for relief, Petitioner contends that his trial counsel was ineffective by failing to object to the assessment of criminal history points for certain prior state convictions, specifically, a conviction for breaking and/or entering and a conviction for larceny, because the breaking

---

[5] Petitioner's Criminal History Category was found to be VI because he was found to be an Armed Career Criminal. Thus, his challenge to his criminal history is simply some unspecified challenge to his ACC status. Petitioner, however, asserts no basis for such challenge.

"was improperly counted [ ] the 'dwelling was unoccupied' and both convictions were on the same date."  [Doc. 1 at 8; Doc. 1-1 at 3].  Despite Petitioner's contention to the contrary, he in fact received no criminal history points for either of these convictions.  [Criminal Case No. 1:08-cr-00056-MR, Doc. 16: PSR at ¶ 42].  In his fifth claim for relief, Petitioner objects to the assessment of a criminal history point for two other prior state convictions, that being 1986 convictions for possession with intent to manufacture/sell/deliver a controlled substance and selling or delivering a controlled substance.  [Doc. 1 at 9, Doc. 1-1 at 3]. Petitioner, however, did not receive a criminal history point for either of these 1986 convictions.

Petitioner further contends in his fifth claim for relief that he was denied effective assistance because counsel failed to object to the criminal history points that he was assessed for a conviction of felony escape from State prison in 1990. [Doc. 1 at 9; Doc. 1-1 at 3-4].  Again, while Petitioner contends that he was erroneously assessed two criminal history points for this offense, a review of the PSR reveals that he was not assessed any such points.  [Criminal Case No. 1:08-cr-00056-MR, Doc. 16: PSR at ¶ 43].

Petitioner also argues that his counsel was ineffective in failing to challenge the use of his juvenile records during sentencing.  [Doc. 1 at 9; Doc. 1-1 at 4].  The PSR, however, plainly states: "Juvenile Adjudications:

None known." [Criminal Case No. 1:08-cr-00056-MR, Doc. 16: PSR at ¶ 29]. As no juvenile records were apparently used in these proceedings, this argument is clearly frivolous.

Petitioner also argues that his trial counsel was ineffective in failing to challenge the use of prior convictions for driving while impaired (DWI) to enhance his sentence. [Doc. 1 at 9; Doc. 1-1 at 4]. The PSR identifies three DWI convictions: one in 1983 for which he receive no criminal history points, and two convictions in 2001, for which he received one criminal history point each. [Criminal Case No. 1:08-cr-00056-MR, Doc. 16: PSR at ¶¶ 38, 49, 50]. As noted by the Government, the 2001 DWI convictions were not used to enhance his sentence because they are not "aggravating felonies." Petitioner's argument in this regard is without merit.

Finally, Petitioner argues that his counsel was ineffective because he failed to argue any mitigating factors on his behalf during his sentencing hearing. [Doc. 1 at 9]. Contrary to Petitioner's argument, however, counsel argued for mitigation on a number of the bases, including Petitioner's age, mental health history, and his cooperation with the Government, and based on the arguments of counsel, Petitioner was ultimately sentenced to the low end of the applicable Guidelines range. Petitioner does not identify any other particular mitigating factors his counsel should have advanced during

sentencing.    Petitioner's arguments in this regard are simply without merit.[6]

### D.    Motion to Amend

Petitioner filed a timely motion to amend his § 2255 motion to include a claim that the Court erroneously applied the cross-reference as provided for in U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1 and 2A2.1 for assaulting the victims in the 2007 shootings with the intent to commit murder.  [Doc. 8: Motion to Amend at 1-2].  While the Court will allow the amendment, this additional claim is without merit and is therefore denied.    Petitioner challenged the application of the cross-reference on direct appeal, and the Fourth Circuit rejected this argument.  Cornette, 396 F. App'x at 10 n.2. Because this issue has already been adversely decided against him by the Fourth Circuit, Petitioner is foreclosed from relitigating this issue in a collateral proceeding. See Boeckenhaupt, 537 F.2d at 1183; Bell, 5 F.3d at 66.

## IV.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255

---

[6] In his supporting affidavit, Petitioner contends that his appellate counsel was ineffective for failing to present arguments regarding his trial counsel's deficient representation.  [Doc. 1-1 at 5].  To the extent this could be construed as a claim for relief it will also be denied, as each of the claims that Petitioner advances regarding trial counsel are without merit, and he identifies no other claims that his appellate counsel should have presented on this issue.

motion, as amended, is without merit and it will be denied and dismissed.

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to amend his § 2255 motion [Doc. 8] is **ALLOWED**; Respondent's Motion for Summary Judgment [Doc. 5] is **GRANTED**; and Petitioner's motion to vacate, set aside or correct sentence, as amended [Docs. 1, 8], is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 20, 2014

Martin Reidinger
United States District Judge